# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLENE M. NEWPORT, | Case No. EDCV 11-180-JEM |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF COMMISSIONER |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

## PROCEEDINGS

On February 9, 2011, Charlene M. Newport ("Plaintiff or Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Supplemental Social Security Income benefits. The Commissioner filed an Answer on August 16, 2011. On December 20, 2011, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision should be affirmed and this case dismissed with prejudice.

**BACKGROUND**

Plaintiff is a 43 year old female who applied for Supplemental Social Security Income benefits on January 16, 2007, alleging disability beginning January 1, 1999. (AR 11.) Plaintiff has not engaged in substantial gainful activity since that date. (AR 13.)

Plaintiff's claim was denied initially on June 13, 2007, and on reconsideration on October 5, 2007. (AR 11.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Jay E. Levine on January 21, 2009, in San Bernardino, California. (AR 11.) Claimant appeared and testified at the hearing, and was represented by counsel. (AR 11.) Vocational expert ("VE") Sandra Fioretti and Amanda Butler, Plaintiff's friend, also appeared and testified at the hearing. (AR 11.) The ALJ issued an unfavorable decision on March 2, 2009. (AR 11-25.) The Appeals Council denied review on December 17, 2010. (AR 1-4.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1. Whether the ALJ erred as a matter of law by rejecting the treating source.
2. Whether the ALJ erred as a matter of law in evaluating the medical evidence.
3. Whether the ALJ erred as a matter of law in assessing Plaintiff's witness testimony.
4. Whether the ALJ erred as a matter of law in assessing Plaintiff's credibility.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996). Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen v. Yuckert, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past

relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC").[1] 20 C.F.R. § 416.920(e). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p. If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since January 16, 2007, the application date. (AR 13.)

At step two, the ALJ determined that Plaintiff has the following combination of medically determinable severe impairments: seizure disorder and bipolar disorder. (AR 13.)

---

[1] Residual functional capacity ("RFC") is what one "can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

4

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments. (AR 13-14.)

The ALJ then found that the Plaintiff had the RFC to perform a full range of work at all exertional levels but with the following non-exertional limitations:

> Plaintiff cannot work at unprotected heights or with dangerous machinery.
> She cannot work in environments with extreme heat. She is limited to entry level work in a non-public work environment.

(AR 14.) In determining this RFC, the ALJ also made an adverse credibility determination. (AR 16.)

At step four, the ALJ found that Plaintiff is able to perform her past relevant work as a hand packer, either as she actually performed it or as it is generally performed in the regional and national economy. (AR 24.) Alternatively, the ALJ also found, at step five, that there were other jobs that exist in significant numbers in the national economy that Plaintiff can perform, such as kitchen helper and industrial cleaner. (AR 24-25.)

Consequently, the ALJ concluded that Plaintiff is not disabled within the meaning of the Social Security Act. (AR 25.)

## DISCUSSION

The ALJ decision must be affirmed. The ALJ assessed Plaintiff with an RFC for the full range of work at all exertional levels with some non-exertional limitations that attempt to accommodate Plaintiff's seizure disorder and bipolar disorder. (AR 14.) All four issues raised by Plaintiff concern the ALJ's RFC. The RFC, however, is supported by substantial evidence. The ALJ's non-disability determination is supported by substantial evidence and free of legal error.

### I. THE ALJ'S RFC IS SUPPORTED BY SUBSTANTIAL EVIDENCE

An RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses and subjective symptoms. See SSR 96-5p; 20 C.F.R.

5

§ 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 466 F.3d at 883.

Claimant was in a bad car accident during childhood and since then has suffered seizures. (AR 135.) Although on medications, she still suffers more than 2 seizures per month. (AR 58.) When she suffers a seizure, she loses consciousness for 30 seconds to 3 minutes. (AR 177.) She has hurt herself during the seizures, hitting her head and has had her wallet stolen. (AR 170.)

Plaintiff also suffers from bipolar disorder and has had a drug problem. She has a past history of suicide attempts - she sliced her wrists and tried to drown herself. (AR 15.) She has been arrested more than 20 times for theft and possession of drugs. (AR 19.) She has been incarcerated numerous times, totaling more than 15 years. (AR 19.) She takes Keppra, Tegretol and Dilantin for her seizures, and Lithium and Remeron for her bipolar disorder. (AR 54.)

Of greatest concern to the Court is the omission of any limitations for likely missed work in the ALJ's RFC. Based on the ALJ's RFC, the VE found that Plaintiff would not be precluded from prior work or other work because of her seizure disorder and bipolar disorder. (AR 81-82.) The VE, however, also testified that all work would be eliminated if Plaintiff was off task 20 percent of the time or missed two days a month from work due to seizures and bipolar disorder or had two seizures a month at work that have postictal phenomena that render her unable to function for the rest of the day. (AR 82.) Although possible seizures at work are a concern, the medical and other evidence of record is conflicting. The ALJ's interpretation of the evidence that Plaintiff's seizures can be controlled by medication, occur only when Plaintiff is non-compliant or the medications are sub-therapeutic (AR 16-21), and that Plaintiff suffers no postictal conditions following a seizure (AR 21) is not unreasonable. The ALJ's RFC is supported by substantial evidence.

**A.     The ALJ Did Not Err In Discounting Plaintiff's Credibility**

In determining Plaintiff's RFC, the ALJ discounted her credibility. Plaintiff challenges this determination, but the ALJ provided clear and convincing and/or specific, legitimate reasons for doing so supported by substantial evidence.

### 1.     Relevant Federal Law

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 & n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because it is unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's symptom testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. These findings must be "sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit [the] claimant's testimony." Thomas v. Barnhart, 278 F.3d 947, 958 (9th Cir. 2002); see also Rollins v. Massanari, 261 F.3d 853, 856-57 (9th Cir. 2001); Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

### 2.     Analysis

The ALJ concluded that Plaintiff's medically determinable impairments reasonably could be expected to cause her alleged symptoms. (AR 16.) The ALJ, however, found that Plaintiff's statements regarding the intensity, persistence and limiting effects of these symptoms were not entirely credible. (AR 16.) Although the ALJ made no express finding of

malingering, the ALJ cited numerous examples of medication non-compliance and feigning seizures. (AR 16, 17, 20.) In any event, the ALJ provided clear and convincing reasons supported by substantial evidence for discounting Plaintiff's credibility.

First, the ALJ found Plaintiff's statements of disability undermined by the objective medical evidence, including the medical opinions on which the ALJ relied. (AR 17-21.) As described in the next section, the ALJ reasonably found that the medical evidence does not support disability. The ALJ cited the opinions of Dr. Lim who concluded Plaintiff could perform jobs requiring heavy exertion (AR 17), Dr. Bagner who stated Plaintiff could complete a normal work week (AR 19), and State agency review physicians who concluded Plaintiff could perform simple, repetitive tasks. (AR 21.) An ALJ is entitled to consider whether there is a lack of medical evidence to corroborate a claimant's alleged symptoms so long as it is not the only reason for discounting a claimant's credibility. Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005). The ALJ also may consider inconsistencies between a claimant's statements and the opinions of physicians in evaluating credibility. Thomas, 278 F.3d at 958-59.

Second, the evidence indicates that Plaintiff's seizure condition is effectively controlled by medication. (AR 14, 584-85.) Impairments controlled effectively with conservative medication treatment are not disabling. Tommasetti v. Astrue, 533 F.3d 1035,1040 (9th Cir. 2008); Warre v. Comm'r of Soc. Sec. Adm., 439 F.3d 1001, 1006 (9th Cir. 2006).

Third, the ALJ documented numerous examples of Plaintiff refusing her medication or spitting it out. (AR 16.) She left a hospital against medical advice. (AR 17.) She had seizures because she forgot to take her medications. (AR 18.) She also feigned seizures. (AR 16, 17, 20.) Plaintiff cannot obtain benefits if she fails to follow a prescribed treatment that could enable her to work. (AR 20.) See 20 C.F.R. § 416.930 (in order to get benefits, you must follow treatment prescribed by your physician if this treatment can restore your ability to work; if you do not follow the prescribed treatment without a good reason, we will not find you disabled). An ALJ may consider a failure to follow a prescribed course of treatment in evaluating credibility. Tommasetti, 533 F.3d at 1039.

Fourth, the ALJ noted Plaintiff's history of more than 20 arrests for theft and possession of drugs. (AR 19.) She has had a long history of methamphetamine abuse, including using methamphetamine to control her seizures (AR 16, 20), and has been incarcerated for a total of 15 years. (AR 16, 19.) She also was not truthful regarding her use of methamphetamine. (AR 20.) This is a valid basis for discounting Plaintiff's credibility. Gray v. Comm'r of Soc. Sec., 365 Fed. Appx. 60, 63 (9th Cir. 2010) (evidence of drug-seeking behavior is a valid reason for finding a claimant not credible); Lewis v. Astrue, 238 Fed. Appx. 300, 302 (9th Cir. 2007) (inconsistency with the medical evidence and drug-seeking behavior sufficient to discount credibility); Morton v. Astrue, 232 Fed. Appx. 718, 719 (9th Cir. 2007) (drug-seeking behavior is a valid reason for questioning a claimant's credibility).

Plaintiff fails to respond to most of this evidence. The ALJ's adversely credibility determination is based on clear and convincing reasons supported by substantial evidence.

**B.     The ALJ Did Not Improperly Reject Treating Source Opinions**

Plaintiff's next challenge to the ALJ's RFC is that the ALJ improperly rejected Plaintiff's treating source opinions. The Court disagrees.

       1.     Relevant Law

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). Conversely, an

ALJ is not required to give controlling weight to a treating physician's opinion unless it is well supported and not inconsistent with other substantial evidence of record. 20 C.F.R. § 404.1527(d)(2); SSR 96-2p.

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas, 278 F.3d at 957. Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632. Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. Id. However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

        2. Analysis

           a. Dr. Garcia

The most important treating source opinion was that of Dr. Jaime Garcia, who treated Claimant from February 2007 to October 2008. (AR 680.) Dr. Garcia wrote in January 2008 that Claimant continues to have seizures despite multiple medical interventions and medications, and is "completely and permanently disabled." (AR 685.) In a Seizure Questionnaire dated October 28, 2008, Dr. Garcia indicated that Claimant has 1-5 grand mal

seizures a month with loss of consciousness. (AR 680.) Dr. Garcia indicates that Plaintiff's mental health issue makes it difficult for her to remember to take her medication. (AR 681.) Dr. Garcia believes Plaintiff's bipolar disorder is due to her seizures. (AR 683.) Dr. Garcia opines that Plaintiff would miss 4 days per month due to her impairments and cannot work. (AR 683.)

The ALJ offered specific, legitimate reasons for discounting Dr. Garcia's opinion. First, the ALJ determined that the medical evidence of record does not support Dr. Garcia's opinion. (AR 21.) An ALJ need not accept the opinion of a physician, even a treating physician, that is not adequately supported by the record. Thomas, 278 F.3d at 957. The ALJ found that Plaintiff's seizure condition was treated effectively by medication. (AR 20.) Impairments are not disabling if they can be controlled effectively. Warre, 439 F.3d at 1006. The ALJ also found that seizures occurred when Plaintiff was non-compliant with her medications or the medications were sub-therapeutic. (AR 21, 16-17.) There was even evidence that Plaintiff feigned seizures. (AR 16, 17, 20.) Dr. Garcia reported postictal confusion, exhaustion, irritability, and headaches that last for hours after a seizure, but the ALJ found this assertion inconsistent with other evidence indicating no postictal condition and that Plaintiff is alert, oriented and in no acute distress after a seizure. (AR 21.) Plaintiff herself denied postictal effects. (AR 18.)

Second, Dr. Garcia's opinion conflicts with those of other physicians. Consulting examining internist Dr. Seung Ha Lim reported a normal examination and assessed an RFC that only precluded working at unprotected heights and around dangerous machinery. (AR 17.) An examining physician's opinion is substantial evidence because it is based on that doctor's independent examination. Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001). Two State agency review physicians offered limitations consistent with those in the ALJ's RFC. (AR 21.) Opinions of non-examining physicians also serve as substantial evidence when consistent with other independent evidence of record. Thomas, 278 F.3d at 957.

The ALJ has the responsibility for resolving conflicts in the medical evidence, Andrews, 53 F.3d at 1039, and the ALJ's interpretation of the evidence, if reasonable should not be

second-guessed. Rollins, 261 F.3d at 857. Here, the medical evidence is conflicting but the ALJ's interpretation of it is reasonable and supported by substantial evidence. Plaintiff did not provide a significant response to the ALJ's reasons for rejecting Dr. Garcia's opinion that Plaintiff was disabled.

                b.        Dr. Surapaneti

The ALJ also discounted the opinions in the treatment notes of Dr. Surapaneti (AR 356-358, 460-470) to the extent inconsistent with the RFC. Although Dr. Surapaneti diagnosed bipolar disorder, he also stated that Claimant was able to manage her own funds. (AR 22.) Dr. Surapaneti's mental status examination was within normal limits. (AR 22.) There was no RFC assessment. The ALJ rejected Dr. Surapaneti's opinion because it was based on Claimant's subjective statements (AR 22), which have been discounted. Batson v. Comm'r, 359 F.3d 1190, 1195 (9th Cir. 2004) (treating physician's opinion discounted because it lacked objective evidence and was based on claimant's subjective complaints); Tonapetyan, 242 F.3d at 1149 (treating physician's opinion based on subjective complaints of claimant whose credibility has been discounted is properly disregarded); Andrews, 53 F.3d at 1043 ("an opinion of disability premised to a large extent upon claimant's own accounts of his symptoms and limitations may be disregarded, once those complaints have themselves been properly discounted").

The ALJ also relied on the mental health opinions of consulting examining psychiatrist Dr. Ernest Bagner and State agency psychiatrists Dr. Adrianne Gallucci and Dr. Paul Balson who did not find disabling limitations. (AR 18-19, 471-74.) The State agency review psychiatrists found that Claimant had mild to moderate limitations but could perform simple repetitive tasks. (AR 21.) The ALJ's RFC is consistent with these assessments and, in consideration of Plaintiff's subjective statements, the ALJ even added a limitation to entry level work in a non-public environment. (AR 21.)

Again, the medical evidence is conflicting but the ALJ's interpretation of it is reasonable and cannot be second-guessed. Rollins, 261 F.3d at 857.

c.  Yolanda Rucker

The ALJ's RFC limits Plaintiff, mentally, to entry level work in a non-public environment. (AR 14, 21.) The ALJ reasonably found a Third Party Function Report by therapist Yolanda Rucker generally consistent with the RFC. (AR 23.) To the extent Ms. Rucker's report contradicted the RFC, the ALJ discounted her opinion. (AR 23.) For example, Ms. Rucker reported that Claimant cannot read, but there was other evidence in the record that she can read and write. (AR 23.) Again, the ALJ is responsible for resolving conflicts in the medical evidence. Andrews, 53 F.3d at 1039. The evidence here is conflicting, but the ALJ's interpretation of the evidence is reasonable and should not be second-guessed. Rollins, 261 F.3d at 857.

**C.  The ALJ Did Not Err In Evaluating The Medical Evidence**

Plaintiff contends that the ALJ erroneously substituted his own opinion for that of the medical experts. Specifically, she notes that the ALJ did not accept Dr. Bagner's opinion that the Claimant would have moderate limitations coping with normal work stress, based on the medical evidence. (AR 19.) In view of the VE's testimony that being off task for 20% of the work day would eliminate all work (AR 82), Plaintiff claims she is disabled.

Yet there was substantial evidence to support the ALJ's conclusion that Plaintiff was not disabled. The ALJ properly discounted the opinions of Dr. Garcia, Dr. Surapaneti, and Yolanda Rucker. None of the other physicians found that Plaintiff would be off task 20% of the work day or was disabled. The ALJ did not substitute his own opinion for that of physicians, as the ALJ properly relied on Dr. Bagner, Yolanda Rucker, and the two State agency reviewers.

**D.  The ALJ Did Not Improperly Reject Lay Witness Testimony**

Plaintiff's last challenge to the ALJ's RFC is that the ALJ improperly discounted the lay witness testimony of her friend Amanda Butler. (AR 73-79.) The Court disagrees.

1.  Relevant Federal Law

Lay witness testimony regarding a claimant's symptoms is "competent evidence that an ALJ must take into account," unless the ALJ "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." Lewis v. Apfel, 236 F.3d

503, 511 (9th Cir. 2001); Smolen, 80 F.3d at 1288-89 (to reject lay witness testimony, ALJ must make findings "germane to each witness, and supported by substantial evidence"). The reasons germane to each witness must be specific. Bruce v. Astrue, 557 F.3d 1113, 1115 (9th Cir. 2009). Lay witness testimony cannot be disregarded without comment. Stout v. Comm'r, 454 F.3d 1050, 1053 (9th Cir. 2006). In rejecting lay witness testimony, the ALJ need not cite the specific record as long as "arguably germane reasons" for dismissing the testimony are noted, even though the ALJ does not "clearly link his determination to those reasons" and substantial evidence supports the ALJ's decision. Lewis, 236 F.3d at 512. The ALJ also may "draw inferences logically flowing from the evidence." Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982).

2. Analysis

Plaintiff's friend Amanda Butler testified that she had witnessed more than 15 of Plaintiff's seizures. (AR 20, 74-75.) She further testified that, after being out for 1-3 minutes, Plaintiff exhibited postictal behavior. (AR 20, 74-75.) Specifically, "She is very disoriented, slow, confused." (AR 75.) Plaintiff relies on Ms. Butler's testimony to buttress her contention that her seizure disorder is disabling.

The ALJ rejected this assertion because, like Dr. Garcia's testimony, the medical evidence does not support postictal behavior. The ALJ found, "There is no evidence of chronic disorientation following a seizure; generally, the Claimant is coherent within minutes and is able to converse with others." (AR 21; also 21-22.) Inconsistency with the objective medical evidence is a germane reason for discounting lay witness testimony. Bayliss, 427 F.3d at 1218; Lewis, 236 F.3d at 511.

The ALJ also rejected Ms. Butler's testimony because she has a history of methamphetamine use and arrests (AR 20) similar to Claimant. The ALJ reasonably viewed Ms. Butler's testimony with suspicion. Morton, 232 Fed. Appx. at 719 (drug-seeking behavior is a valid reason for questioning a claimant's credibility); Lewis v. Astrue, 238 Fed. Appx. at 302 (inconsistency with medical evidence and drug-seeking behavior sufficient to discount credibility).

\* \* \*

The ALJ's RFC is supported by substantial evidence. The ALJ's non-disability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner of Social Security is AFFIRMED and this case dismissed with prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: March 27, 2012               */s/ John E. McDermott*
                                    JOHN E. MCDERMOTT
                                    UNITED STATES MAGISTRATE JUDGE